IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMOTTA WIGGINS,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS DPT. OF FAMILY AND PROTECTIVE SERVICES, *et al.*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-CV-1002-N |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Texas Department of Family and Protective Services's ("DFPS") motion to dismiss [7], motion to be exempt from initial discovery protocols [12], and motion to stay proceedings pending dismissal [14]. Because Plaintiff Samotta Wiggins has failed to state a claim upon which relief can be granted against DFPS, the Court grants DFPS's motion to dismiss. Furthermore, the Court grants Wiggins leave to amend some of her claims to identify fictitious defendants, while dismissing the remaining federal claims against all defendants. Lastly, the Court dismisses Wiggins's state law claims without prejudice. Accordingly, the Court denies the motions to be exempt and to stay as moot.

## I. Origins of the Motions

This case arises from Wiggins's employment with DFPS. Wiggins alleges that, while employed by the department, DFPS unlawfully discriminated against her, failed to accommodate her disability, and retaliated against her after she took leave in accordance

with the Family and Medical Leave Act ("FMLA"). Pl.'s Compl. ¶¶ 10–25 [1].[1] Wiggins is African American and has an FMLA approved serious medical condition. *Id.* ¶ 12. She was a caseworker for seven years and consistently earned favorable performance reviews. *Id.* ¶ 10.

However, beginning in 2022, Wiggins claims she suffered emotional, financial, and reputational harm as a result of DFPS's unlawful actions. *Id.* ¶ 16. Wiggins asserts twenty-six claims under Title VII, ADEA, ADA, FMLA, the Rehabilitation Act ("RA"), the Texas Commission on Human Rights Act ("TCHRA"), the *Sabine Pilot* exception, the Texas Family Code, the Texas Whistleblower Act, and tort law for intentional infliction of emotional distress ("IIED"). *See generally* Pl.'s Compl.

Wiggins alleges four bases for her claims. First, in October 2022 and February 2023, Wiggins made verbal and written requests related to medical appointments and scheduling adjustments for her disability. *Id.* ¶ 14. However, DFPS failed to accommodate her. *Id.* Instead, DFPS ignored her accommodation efforts, and therefore, and did not engage in an interactive process. *Id.* ¶ 44. Second, in February of 2023, Wiggins refused to falsify government records — an illegal act. *Id.* ¶ 15–17. After an unknown amount of time, DFPS escalated its hostility by abruptly removing her caseload, manipulating her timesheets, excluding her from monthly performance conferences, and heightening her surveillance. *Id.* ¶ 60. Third, in June of 2023, Wiggins was reassigned to a young, all-white team with supervisors that had a well-known pattern of bias against Black

[1] For purposes of this Order, the Court accepts Wiggins's well-pleaded allegations as true.

employees. *Id.* ¶ 18–21. While on this team, Wiggins was denied mandatory monthly performance conferences, tasked with late-night field visits, and had an excessively high case load. *Id.* Finally, Wiggins alleges that DFPS did not follow its normal termination procedure. Wiggins claims that in April of 2023, DFPS issued a Disciplinary Action Notice ("DAN") based on a false write up. *Id.* ¶ 23. Wiggins filed a timely rebuttal. *Id.* ¶ 24. However, DFPS terminated her in August of 2023, incorrectly citing that she did not respond to the DAN. *Id.*

DFPS now moves to dismiss all Plaintiffs' claims.

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Id.* (citations omitted). In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. WIGGINS FAILS TO STATE A PLAUSIBLE TITLE VII CLAIM

Title VII makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

To state a claim for discrimination under Title VII, a plaintiff must plead that she: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). At the motion to dismiss stage, "a plaintiff need not submit evidence to establish the prima facie case for discrimination." *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (unpub. per curiam) (citing *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam)).

Wiggins has not sufficiently alleged similarities to her comparators. Wiggins alleges that she was "treated less favorably than similarly situated non-minority coworkers," because "[u]nlike her white and younger colleagues" she was "excluded from mandatory monthly performance conferences," "white coworkers who failed to complete

assignments or made substantial errors were not disciplined or scrutinized in the same way," and "white employees were reassigned from [DFPS cases for] far less egregious circumstances." Pl.'s Compl. ¶¶ 29–31. But these allegations are insufficient.

For comparators to share "nearly identical circumstances" with Wiggins, she must show that the comparators "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Ks. City So. Rwy. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). The complaint provides no details about the alleged comparators' positions, responsibilities, supervisors, or disciplinary histories.

As such, the Court cannot infer that these non-African American employees shared "nearly identical circumstances" with Wiggins. *See Hendrix v. iQor Inc.*, 2021 WL 3040776, at *5 (N.D. Tex. 2021) (describing plaintiff's allegations that did "not identify particular employees or describe specific situations involving similarly situated non-African American employees" as "too conclusory"), *rec. adopted as modified*, 2021 WL 3036949 (N.D. Tex. 2021); *see also Lewis v. City of Dallas*, 2016 WL 11474104, at *4 (N.D. Tex. 2016) ("A bare-bones allegation that the [Defendant] treated [Plaintiff] less favorably than similarly situated nonblack employees will not suffice."). Accordingly, the Court grants DFPS's motion to dismiss Wiggins's Title VII discrimination claims.

## IV. WIGGINS DOES NOT STATE A PLAUSIBLE TITLE VII RETALIATION CLAIM AGAINST DFPS

Furthermore, Wiggins cannot establish a claim for retaliation.[2] To state a claim for retaliation in violation of Title VII, a plaintiff must allege that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport,* 492 F.3d 551, 556–57 (5th Cir. 2007) (citations omitted). Protected activity under Title VII can take one of two broader forms: (1) opposing an unlawful employment practice; or (2) making a charge, testifying, assisting, or participating in a Title VII investigation, proceeding, or hearing. *Byers v. Dallas Morning News*, 209 F.3d 419, 427–28 (5th Cir. 2000). The Court addresses each type in turn.

### *A. Wiggins Did Not Allege an Unlawful Employment Practice*

"Protected activity is defined as opposition to any practice rendered unlawful by Title VII . . . ." *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir. 2003) (internal quotation marks omitted). Wiggins alleges she participated in three types of protected activity. However, her pleadings are "replete with conclusory, vague, and immaterial facts

[2] Wiggins does not allege that she filed an EEOC claim for retaliation. However, the Court can properly hear this claim because Wiggins exhausted her Title VII administrative remedies. "[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).

not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

First, Wiggins alleges that she submitted requests for reasonable accommodations under the ADA. Title VII, however, only covers race, religion, color, or national origin. Thus, these requests are not protected activity for this claim.

Second, Wiggins alleges she "reported unethical and discriminatory conduct internally." Pl.'s Compl. ¶ 60. However, Wiggins does not specify when she made the reports, or, more importantly, what *kind* of discrimination she alleged occurred. As explained above, Title VII does not cover all types of discrimination. Without more, the allegations are insufficient to state a retaliation claim. *See Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 367 (11th Cir. 1996) (explaining that courts need not "sift[] through myriad claims, many of which may be foreclosed by various defenses") (internal citation omitted). Thus, a broad conclusory statement that Wiggins reported discrimination, even if accepted as true, does not survive a motion to dismiss.

Finally, Wiggins indicated she was discharged for failing to falsify government documents. However, she made no allegation that those documents were connected to a Title VII investigation or that her failure to falsify was an activity protected by Title VII. Pl.'s Compl. ¶¶ 15–17, 60; *see Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (unpub.).

Causes of action alleged using a "shotgun" approach[3] typically lack substantive plausibility, as opposed to the "short and plain statement" requirement contemplated by Federal Rule of Civil Procedure 8. *See Roe v. Johnson Cnty.*, 2019 WL 5031357, at *4–5 (N.D. Tex. 2019) (internal citation omitted)); *see also S. Leasing Partners, Ltd.* 801 F.2d at 788–89. Doing so makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson*, 77 F.3d at 366. Because of the gaps in factual allegations to support Wiggins's numerous claims, Wiggins has not plausibly stated that she participated in the first type of protected activity.[4]

***B. Wiggins Did Not Allege Retaliation Because of a Title VII Proceeding***

Wiggins did not engage in protected activity until after her termination. Wiggins filed a charge with the EEOC on February 11, 2024, but DFPS terminated her from her position on August 23, 2023. Pl.'s Compl. ¶¶ 22, 26. Thus, because the alleged retaliation occurred after the charge, Wiggins's termination could not have been based on her protected activity. Accordingly, the Court dismisses Wiggins's Title VII retaliation claim.

[3] The Fifth Circuit previously denounced what it has referred to as the "'shotgun approach' to pleadings, . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick," and it has explained that this pleading approach may be sanctionable in certain circumstances under Federal Rule of Civil Procedure 11. *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788–89 (5th Cir. 1986), *abrogated on other grounds by Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023–24 (5th Cir. 1994).

[4] Assuming Wiggins participated in protected activity, she also fails to establish a causal connection. Wiggins's claims fail to state within how many "weeks" of the activity DFPS retaliated. Instead, Wiggins lists various retaliatory actions with no clear timeline. Even piecing activity from other claims together in her favor, there are gaps of four months or more between events. This is not enough to sustain her claim. *Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 885 (5th Cir. 2020) (unpub.) (holding that, alone, a proximity of two and a half months is insufficient to show cause).

## IV. Wiggins Fails to State a Plausible Section 1981 Claim

Section 1981 of the Civil Rights Act of 1866 protects the right to make and enforce contracts. 42 U.S.C. § 1981. "Section 1981 claims are analyzed under the same framework as Title VII claims." *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007) (citing *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). For the reasons set forth in section III, *supra*, the Court grants DFPS's motion to dismiss Wiggins's claims under section 1981.

## V. Wiggins Fails to Plead a Plausible Rehabilitation Act Claim

Plaintiffs are permitted to plead both a rehabilitation claim, and other discrimination claims while still properly alleging the defendant discriminated against her "solely" by reason of her disability. "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); *see Robertson v. Bell Helicopter Textron*, 32 F.3d 948, 952–53 (5th Cir. 1994) ("Although parties are barred from recovering damages based on mutually exclusive theories . . . , parties can properly plead alternative, inconsistent theories of liability and can properly argue alternative claims to the jury."). Thus, Wiggins may plead discrimination on multiple grounds in addition to her RA claim.

To prevail on RA discrimination claims under section 794(a), a plaintiff must show "(1) she is an individual with a disability; (2) who is otherwise qualified; (3) who worked for a program or activity receiving Federal financial assistance; and (4) that she was discriminated against solely by reason of her disability." *Houston v. Tex. Dep't of Agric.*,

17 F.4th 576, 585–86 (5th Cir. 2021) (quotation marks omitted) (quoting *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997)).

Wiggins seemingly brings both a failure-to-accommodate claim and a discrimination claim under the RA. *See* Pl.'s Compl. ¶¶ 157–60. The RA's "sole-causation requirement applies only in certain contexts. It applies to discrimination claims under Section 794(a), but not to retaliation claims or failure-to-accommodate claims. . . . For failure-to-accommodate claims, 'the cause of that failure is irrelevant.'" *Harmon v. Collier*, 158 F.4th 595, 608–09 (5th Cir. 2025) (citing *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454–55 (5th Cir. 2005)). Thus, Wiggins can consistently plead both claims in the form of an RA discrimination claim in the alternative to a failure-to-accommodate claim.

RA and ADA are judged under the same legal standards, and the same remedies are available under both Acts. *See Delano–Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002). Likewise, the relevant definition of disability set forth in the ADA is applicable to claims made under the RA." *See Kemp v. Holder*, 610 F.3d 231, 234–35 (5th Cir. 2010) (citing *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725 n. 4 (5th Cir. 1995)). Thus, an individual with a disability is any person who (1) has a physical or mental impairment that "substantially limits one or more of such person's major life activities"; (2) has a "record" of such an impairment; or (3) is "regarded" as having such an impairment. 29 C.F.R. § 1630.2(l).

Wiggins's allegations about her disability are limited to conclusory statements and descriptions such as "Wiggins was a qualified individual with a disability as defined by the

[ADA]," she "suffered from a medical condition that substantially limited one or more major life activities," and had an "ongoing" or "serious medical condition.[5]" Pl.'s Compl. ¶¶ 12, 43. Conclusory allegations, without facts to support them, are not accepted as true for the purposes of deciding a motion to dismiss. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Accordingly, the Court dismisses both Wiggins's RA failure-to-accommodate claim and her alternative discrimination claim.

## VI. The Court Lacks Subject Matter Jurisdiction Over the Remaining Federal Claims Against DFPS

Next, DFPS argues that Wiggins's claims against it should be dismissed because it is a state agency entitled to Eleventh Amendment immunity. Def.'s Mot. 1–4. The Court agrees. "Sovereign immunity is jurisdictional." *Cozzo v. Tangipahoa Par. Council,* 279 F.3d 273, 280 (5th Cir. 2002). The "Eleventh Amendment bars suit against a state or 'state entity . . . regardless of whether money damages or injunctive relief is sought' and section 1983 does not override the Eleventh Amendment." *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) (quoting *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986)). State sovereign immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Union Pac. R.R. v. La. Pub. Serv. Comm'n,* 662 F.3d 336,

[5] Even if the Court were to assume all well-pleaded facts as true, having a serious medical condition is not the ADA or RA standard — it is an FMLA standard. Moreover, a serious health condition is not enough. *See Robinson v. Glob. Marine Drilling Co.*, 101 F.3d 35, 36 (5th Cir. 1996) (holding that plaintiff did not have an ADA claim merely because he was diagnosed with asbestosis, a progressive and often fatal condition of the lungs).

340 n.3 (5th Cir. 2011) (quoting *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326 (5th Cir. 2002); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)).

However, exceptions do exist: "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) (footnote and citation omitted). Because Wiggins offers different arguments for exceptions to immunity for her various claims, the Court will analyze each separately.

### *A. DFPS is a State Agency and is Entitled to Sovereign Immunity*

Here, DFPS is properly viewed as a state agency. *See Harlan v. U.S. Dep't of Health & Hum. Servs.*, 359 F. App'x 458 (5th Cir. 2009) (unpub. per curiam); *see also Macias v. Dep't of Fam. Servs.*, 2023 WL 8451217 (5th Cir. 2023) (unpub. per curiam). Thus, DFPS is entitled to Eleventh Amendment immunity for ADEA, ADA, FMLA, and section 1983 and 1981 claims.

### *B. Sovereign immunity Bars Wiggins's ADA claims*

Wiggins does not specify what Title of ADA she is suing under, but states that DFPS failed to accommodate her qualified disability. Pl.'s Compl. ¶¶ 43–48. Therefore, the Court analyzes her claim as a Title I ADA claim. State immunity bars damage claims under Title I of ADA, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360–74 (2001). Thus, the Court lacks subject matter jurisdiction over her Title I ADA claim against DFPS.

Wiggins's ADA retaliation claim is also barred by sovereign immunity. "Title V itself does not abrogate a state's sovereign immunity. Instead, a plaintiff may bring a retaliation claim against a state entity only to the extent that the underlying claim of

discrimination effectively abrogates sovereign immunity of the particular state." Because Wiggins's underlying Title I claim is barred by sovereign immunity, so is her Title V retaliation claim. *Block v. Tex. Bd. of L. Exam.'rs*, 952 F.3d 613, 619 (5th Cir. 2020) (internal citation omitted).

***C. Sovereign Immunity Bars Wiggins's ADEA claims***

The ADEA does not validly abrogate Eleventh Amendment sovereign immunity, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000), and Texas has not unequivocally waived its immunity here. *Sullivan v. Tex. A&M Univ. Sys*., 986 F.3d 593, 597 (5th Cir. 2021) (citing *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hou. Dental Branch*, 217 F. App'x. 391, 395 (5th Cir. 2007) (unpub.)).

Here, there is no indication that Texas has waived its sovereign immunity for federal claims. Wiggins brings a violation claim and a retaliation claim under the ADEA. Accordingly, because DFPS is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction of Wiggins's ADEA claims.

***D. Sovereign Immunity Bars Wiggins's FMLA claim***

DFPS is entitled to sovereign immunity for Wiggins's FMLA claim. Wiggins alleges that she experienced a serious medical condition and subsequently took approved FMLA leave. Pl.'s Compl. ¶ 12. Therefore, Wiggins is bringing a claim under FMLA's self-care provision. *See Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 34 (2012) ("An employee may take leave under the FMLA for . . . the employee's own serious health condition when the condition interferes with the employee's ability to perform at work.")

However, Congress has not abrogated Texas's sovereign immunity for self-care FMLA leave. *Id*. at 37 ("Standing alone, the [FMLA] self-care provision is not a valid abrogation of the States' immunity from suit."); *see also Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (holding that the district court did not have jurisdiction over plaintiff's interference or retaliation claims that fell under FMLA's self-care provision as the state agency employer enjoyed Eleventh Amendment from such claims); *Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 202 (Tex. 2010) (Texas cannot be sued under the FMLA's self-care provision because Congress did not validly abrogate the States' immunity in enacting that section of the FMLA). Therefore, the Court lacks jurisdiction over both Wiggins's retaliation claim and wrongful termination claim.

### *E. Sovereign Immunity Bars Wiggins's Section 1983 Claim*

DFPS is immune from Wiggins's suit under section 1983. Although section 1983 may be used to obtain relief against *officers* acting under color of state law, Wiggins has also sued the agency itself. Pl.'s Compl. ¶¶ 150–53. Section 1983 does not override the Eleventh Amendment, and a state agency retains its immunity from suit. *Briggs*, 331 F.3d at 503. Thus, DFPS is immune from Wiggins's section 1983 claim.

## VII. THE COURT GRANTS LEAVE TO AMEND THE JOHN DOE CLAIMS

Wiggins named "Does 1-25 Inclusive," but not an individual state official, as a defendant. Pl.'s Compl. ¶ 4. To fall within the *Ex parte Young* exception to sovereign immunity, a plaintiff must name individual state officials as defendants in their official capacities. *See Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 n.18, (1985)). Nevertheless, the Fifth Circuit permits the

use of fictitious defendants. *See Jacobsen v. Osborne*, 133 F.2d 315, 320-21 (5th Cir. 1998). Thus, at this stage, the Court accepts that a John Doe could be a state official that "by virtue of his office" has "some connection with the enforcement of the [challenged] act." *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019).

Fifth Circuit precedent holds that plaintiffs should be given the opportunity to identify and name a defendant. *See Colle v. Brazos Cnty.,* 981 F.2d 237, 243 (5th Cir. 1993). A complaint cannot lump defendants together or rely on abstract grievances. *See Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007). Wiggins's must show that each defendant, "through the official's own individual actions," violated her rights. *Iqbal*, 556 U.S. at 676. And she must do so with specificity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

The opportunity to amend is not futile. As applied here, *Ex parte Young* permits reinstatement to a previous job position, a form of prospective relief, but not for Wiggins's suit for damages. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008). Accordingly, the Court dismisses Wiggins's ADA, ADEA, FMLA, Title VII, and sections 1983 and 1981 claims against Does 1–25 without prejudice, and grants Wiggins leave to amend to determine the identity of a defendant and name the appropriate state official(s).

## VI. THE COURT DISMISSES THE TEXAS LABOR CODE CLAIMS

Wiggins insufficiently alleges ten claims under Chapter 21 of the Texas Labor Code (formerly known as "TCHRA"). *See generally* Pl.'s Comp. In counts 4, 15–17, and 21, Wiggins alleges discrimination based on age, race, disability, color, national origin, and sex. She further alleged retaliation for opposing discrimination and for participating in an

EEOC proceedings in Counts 4, 9, 19, and 20. Finally, Count 10 alleges a hostile work environment, and Count 18 alleges DFPS failure to accommodate her disability.

It is settled law that Chapter 21 of the Texas Labor Code waives Texas' immunity from suit only in state court, not in federal court. *E.g.*, *Sullivan*, 986 F.3d at 599. Congress has not abrogated Texas' sovereign immunity under Chapter 21 and, as Wiggins concedes, Texas has not consented to suit for Chapter 21 claims in federal court. Pl.'s Resp. ¶ 20. Accordingly, the Court dismisses all ten of Wiggins's Texas Labor Code claims without prejudice.

## VIII. THE COURT DISMISSES THE REMAINING STATE LAW CLAIMS

### *A. Wiggins Does Not State a Plausible Texas Law and Public Policy Claim*

Wiggins also brings a claim under "Texas Law and public policy," citing the *Sabine Pilot* exception to at-will employment, *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), and section 261.110 of the Texas Family Code. However, Wiggins fails to adequately brief why her claims under either legal theory should not be dismissed. "A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Regardless, the *Sabine Pilot* exception does not supersede DFPS's sovereign immunity. *Carroll v. Black*, 938 S.W.2d 134 (Tex. App. — Waco 1996, pet. denied). Thus, "without legislative consent or statutory exception to sovereign immunity, *Sabine Pilot* cannot be read to overcome the immunity otherwise enjoyed by a public entity." *Cleveland v. City of Elmendorf*, 2003 WL 1571724, at *1 (W.D. Tex. 2003) (collecting cases).

Additionally, in Texas a "statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE § 311.034. The Texas Family Code does not contain a waiver of the Texas's sovereign immunity for alleged violations of the Family Code in federal court. Thus, Texas's sovereign immunity has not been waived or abrogated, and the Eleventh Amendment bars Wiggins's public policy claims. *See Jones v. Sicking*, 2023 WL 7006802, at *3 (W.D. Tex. 2023), *rec. adopted by*, 2023 WL 7005000 (W.D. Tex. 2023); *see also Hernandez v. Tex. Dep't of Hum. Servs.*, 91 F. App'x 934 (5th Cir. 2004) (unpub.).

***B. Wiggins Does Not State a Plausible IIED Claim***

The Texas Tort Claims Act ("TTCA") bars Wiggins from bringing an intentional infliction of emotional distress ("IIED") claim against DFPS. Pl.'s Compl. ¶¶ 120–126.

DFPS's immunity is subject to TTCA. TTCA is a limited waiver of governmental immunity in certain circumstances but "does not apply to claims arising out of an intentional tort." *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009) (citing TEX. CIV. PRAC. & REM. CODE § 101.057(2)). IIED is an intentional tort, therefore, DFPS has not waived its immunity to Wiggins's IIED claim on this basis. *See Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65–67 (Tex. 1998). The Court concludes that Wiggins's IIED claim does not fall within the limited waiver of governmental immunity embodied in TTCA and dismisses the IIED claim against DFPS.

***C. Wiggins Does Not State a Plausible Texas Whistleblower Act Claim***

Finally, the Court dismisses Wiggins claim under the Texas Whistleblower Act. Pl.'s Compl. ¶¶ 161–164. DFPS is entitled to sovereign immunity for two reasons. First,

DFPS has not waived sovereign immunity in federal court. Second, the Texas Whistleblower Act's waiver of sovereign immunity only applies in Texas state court. *Perez*, 307 F.3d at 333 (citing TEX. GOV'T CODE ANN. § 554.0035 (Vernon 1994 & Supp. 2002)); *see also Martinez v. Tex. Dep't of Crim. Just.,* 300 F.3d, 567, 575–77 (5th Cir. 2002).

Even if DFPS was not immune, Wiggins does not allege what she reported or to whom. Pl.'s Compl. ¶¶ 161–64. Instead, Wiggins realleges all preceding paragraphs for the last twenty-five claims and then pleads conclusory statements. *Id*. This is insufficient to sustain her claims. Thus, the Court dismisses Wiggins's Texas Whistleblower Act claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants DFPS's motion and dismisses all of Wiggins's claims. The Court grants Wiggins leave to amend her Title VII discrimination and retaliation claims, section 1981 claim, and RA claim. The Court additionally grants Wiggins leave to amend her ADA, ADEA, FMLA, and sections 1983 and 1981 claims to identify and name the appropriate state official defendants. If Wiggins does not file an amended claim within 30 days, the Court will dismiss Wiggins's claims with prejudice. Accordingly, the Court denies DFPS's motion to be exempt from discovery protocols and to stay proceedings as moot.

Signed February 4, 2026.

David C. Godbey
Senior United States District Judge